UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOD KEVEN HOUTHOOFD,

    Petitioner,

v.

                              Case No. 2:15-CV-12764
                              HONORABLE NANCY G. EDMUNDS
                              UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

    Respondent,

_____/

**OPINION AND ORDER DENYING THE MOTION TO HOLD HABEAS PETITION IN ABEYANCE, SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Tod Keven Houthoofd, (petitioner), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a motion to file a protective habeas petition pursuant to 28 U.S.C. § 2254, in which he seeks to challenge his convictions for obtaining property valued over $100 by false pretenses, M.C.L.A. 750.218, witness intimidation, M.C.L.A. 750.122, and solicitation to commit murder, M.C.L.A. 750.157b. Petitioner essentially asks the Court to hold any petition that he would file in abeyance during the pendency of his re-sentencing in the state courts. For the reasons that follow, the motion to hold the petition in abeyance is DENIED. The Court DISMISSES WITHOUT PREJUDICE the petition for writ of habeas corpus.

**I. Background**

Petitioner was convicted following a jury trial in the Saginaw County Circuit Court.

The Michigan Court of Appeals reversed petitioner's solicitation to commit murder conviction based on improper venue but affirmed his other convictions. *People v.*

*Houthoofd,* No. 269505, 2009 WL 249459 (Mich. Ct. App. Feb. 3, 2009).

The Michigan Supreme Court reversed in part the Michigan Court of Appeals' decision by reinstating the solicitation to commit murder conviction on the grounds that petitioner was not prejudiced by the improper venue. The Michigan Supreme Court also remanded the case to the Michigan Court of Appeals for a determination of whether the trial court failed to articulate substantial and compelling reasons for upwardly departing from the guidelines when imposing petitioner's sentences. *People v. Houthoofd*, 487 Mich. 568, 790 N.W.2d 315 (2010); *reh. Den.* 790 N.W.2d 339 (2010).

On remand, the Michigan Court of Appeals vacated petitioner's sentence for solicitation to commit murder and remanded for re-sentencing. *People v. Houthoofd (On Remand)*, No. 269505, 2010 WL 4906128 (Mich. Ct. App. Dec. 2, 2010); *lv. Den.* 489 Mich. 935, 797 N.W.2d 638 (2011).

Petitioner was re-sentenced to 40 to 60 years in prison on September 27, 2012. On appeal, the Michigan Court of Appeals vacated petitioner's sentence because the Saginaw County Circuit Court had circumvented the rules regarding the reassignment of judges and remanded the case for re-sentencing before a randomly selected judge. *People v. Houthoofd*, No. 312977, 2014 WL 667802 (Mich. Ct. App. Feb. 18, 2014); *lv. den.* 496 Mich. 866, 849 N.W.2d 376 (2014).

Petitioner was re-sentenced to 420 months to 720 months on the solicitation conviction. The Michigan Court of Appeals again vacated the sentence and remanded for re-sentencing because the trial judge did not have jurisdiction to re-sentence petitioner while his application for leave to appeal was pending in the Michigan Supreme Court. *People v. Houthoofd*, No. 322592, 2015 WL 2329081 (Mich. Ct. App. May 14, 2015). The

Michigan Court of Appeals denied a motion for reconsideration. *People v. Houthoofd*, No. 322592 (Mich. Ct. App. June 25, 2015). Petitioner filed an application for leave to appeal, which remains pending in the Michigan Supreme Court.[1] Petitioner has yet to be re-sentenced by the trial judge.

Petitioner has now filed a motion to file a protective habeas petition. Petitioner indicates that he intends to file a habeas petition, in which he will seek habeas relief on the following grounds: 1) insufficiency of evidence claims with respect to his three convictions, 2) the trial court lacked jurisdiction over petitioner's case for trial, 3) the prosecutor knowingly used perjured testimony against petitioner, 4) the prosecutor entered into a conspiracy with the police to maliciously prosecute petitioner, 5) petitioner's rights have been violated because he has sought re-sentencing in the state courts for nine years.

In his motion, petitioner essentially asks the Court stay the proceedings and hold the petition in abeyance while he awaits re-sentencing in the state courts, in order to preserve the timeliness of his claims with the federal courts.

## II. Discussion

Any petition for writ of habeas corpus that petitioner would file must be dismissed, because petitioner has failed to exhaust his state court remedies with respect to all of his claims.

---

[1] The Court obtained the information regarding petitioner's case history from the Michigan Court of Appeals' website, coa.courts.mi.gov/, and from Westlaw's website, www.westlaw.com. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is also permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley,* 401 F. 3d 718, 724 (6th Cir. 2005). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Hafley v. Sowders*, 902 F. 2d 480, 483 (6th Cir. 1990). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The exhaustion requirement applies to also any claims which may arise from a re-sentencing. *See e.g. Prendergast v. Clements,* 699 F. 3d 1182, 1184-85 (10th Cir. 2012). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Federal habeas corpus relief is unavailable to a state prisoner who fails to allege that he or she has exhausted his or her available state court remedies. *See Granville v. Hunt,* 411 F. 2d 9, 11 (5th Cir. 1969). The instant petition is subject to dismissal, because petitioner has failed to establish that he has exhausted his state court remedies with respect to all of his claims. *See Peralta v. Leavitt,* 56 Fed. Appx. 534, 535 (2nd Cir. 2003);

4

*See also Fast v. Wead,* 509 F. Supp. 744, 746 (N.D. Ohio 1981).

Although petitioner challenged the sufficiency of the evidence and the lack of venue in his initial appeal, there is no indication that petitioner ever raised in the Michigan appellate courts claims that the prosecutor presented perjured testimony or that the prosecutor and police conspired to maliciously prosecute him. A review of the various appellate court decisions shows that none of these claims were raised by petitioner before the Michigan Court of Appeals and the Michigan Supreme Court. Petitioner has also attached a lengthy letter from attorney James S. Lawrence, concerning the latter's representation of petitioner on appeal and during any habeas proceedings. Within this letter, Mr. Lawrence delineates the various issues that were raised on petitioner's appeal. There is no indication that petitioner raised a perjury or malicious prosecution claim on his direct appeal.

Petitioner has attached to his petition a proposed civil rights complaint that he seeks to file separately in the federal court against Detective Donald Rauschenberger, in which he accuses the detective of committing perjury at his trial. Within the complaint, petitioner claims that he presented his perjury allegations to the trial judge at his re-sentencing on September 27, 2012 and raised his perjury claim on the appeal from his re-sentencing. Assuming that petitioner raised his perjury claim after re-sentencing, this would be insufficient to exhaust this claim for habeas purposes. The Michigan Court of Appeals in 2010 remanded petitioner's case to the trial judge for the sole purpose of re-sentencing as to the solicitation to commit murder conviction only. *People v. Houthoofd*, No. 269505, 2010 WL 4906128, at *8. Petitioner was subsequently re-sentenced. Under Michigan law, where a remand is had on an appeal as of right, the scope of review following the second

5

appeal as of right from the disposition on remand is limited by the scope of the remand. *See People v. Jones*, 394 Mich. 434, 435-36, 231 N.W.2d 649, 650 (1975). A claim is not exhausted unless the habeas petitioner provides the highest state court with a fair opportunity to pass upon the claim, which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain,* 179 F. 3d 271, 275 (5th Cir. 1999)(internal quotation omitted). A habeas petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. *Coleman v. Mitchell,* 244 F. 3d 533, 538 (6th Cir. 2001). Because the scope of remand was limited to re-sentencing petitioner on the solicitation conviction, any perjury claim would not properly be in front of the Michigan appellate courts on appeal following the re-sentencing. Moreover, there is no indication that petitioner raised any claim involving the prosecutor conspiring with the police to maliciously prosecute petitioner. [2]

Finally, petitioner has yet to be re-sentenced by the trial court and his application for leave to appeal from the Michigan Court of Appeals' decision to grant a re-sentencing remains pending in the state courts.

The general rule is that a habeas petition should be denied on exhaustion grounds where the petitioner's appeal remains pending in the state appellate courts. *See e.g.*

---

[2] Petitioner has an available state court remedy with which to exhaust these two claims, as well as any additional claims. Petitioner could exhaust these claims by filing a post-conviction motion for relief from judgment with the Wayne County Circuit Court under Michigan Court Rule 6.500, *et. seq. See Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner would not have to file a motion for relief from judgment until after his re-sentencing and any appeals from that re-sentencing were concluded.

*Juliano v. Cardwell*, 432 F. 2d 1051, 1051 (6th Cir. 1970); *See also Puertas v. Overton,* 272 F. Supp. 2d 621, 627 (E.D. Mich. 2003).

Petitioner has failed to exhaust his state court remedies with respect to all of his claims and still has available state court remedies with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 544 U.S. 269 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be unnecessary, because petitioner filed his motion to file a protective habeas petition before petitioner's conviction became final with the state courts pursuant to 28 U.S.C. § 2244(d)(1)(A). Although the Michigan appellate courts affirmed petitioner's conviction, the Michigan Court of Appeals remanded the case to the Saginaw County Circuit Court for re-sentencing. An appeal from that order remains pending in the Michigan Supreme Court. Where state appellate courts affirm a habeas petitioner's conviction but reverse his sentence, the judgment against the petitioner becomes final, for commencing the one-year period for filing a habeas petition, when direct review of the new sentence is completed. *See Rashad v. Lafler,* 675 F. 3d 564, 567-69 (6th Cir. 2012). Because petitioner's appeal from the Michigan Court of Appeals' order granting a re-sentencing is still pending, the one year limitations period has yet to commence. Moreover, assuming that the Michigan Supreme Court denied petitioner's application for leave to appeal and petitioner was again re-sentenced, he would again be able to file another appeal with the Michigan Court of Appeals and the Michigan Supreme Court if he chose. The one year limitations period would only commence once all of petitioner's re-sentencing appeals ended in the Michigan courts.

Because the one year limitations period has yet to begin running in this case, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his state court appeal. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001); *See also Ross v. Bunting*, 1:13–CV–1420; 2014 WL 3053304, * 5, 8-9 (N.D. Ohio July 7, 2014)(declining to hold petition in abeyance in *lieu* of dismissal when the petitioner's re-sentencing remained pending in the state trial court).

### III.  CONCLUSION

The Court will dismiss the petition for writ of habeas corpus without prejudice. The Court will also deny petitioner a certificate of appealability. A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to his claims. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV.  ORDER

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus [Dkt # 1] is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the motion to hold the petition in abeyance [Dkt # 1] is **DENIED.**

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED.**

s/ Nancy G. Edmunds
**HON. NANCY G. EDMUNDS**
**Dated:**August 20, 2015                    **UNITED STATES DISTRICT JUDGE**